**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **JAMES R. STANFILL AND KATRINA STANFILL,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No.: _____** |
| | : | |
| **KILLER INSTINCT, INC. d/b/a KILLER INSTINCT CROSSBOWS; MSCKI, LLC d/b/a KILLER INSTINCT CROSSBOWS; WAL-MART STORES EAST, LP; JOHN DOES 1-4; ABC CORPORATIONS 1-5,** | : : : : : : : : : | |
| | : | |
| **Defendants.** | | |

**COMPLAINT FOR DAMAGES**

Plaintiffs file this Complaint and respectfully show the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiffs are residents of Colquitt County, Georgia.

2.

Defendants KILLER INSTINCT, INC. d/b/a KILLER INSTINCT

CROSSBOWS; MSCKI, LLC d/b/a KILLER INSTINCT CROSSBOWS;

JOHN DOES 1-4; ABC CORPORATIONS ("Manufacturer") design, test,

manufacture, assemble, market, and distribute hunting products, including the crossbow at issue. Manufacturers engage in continuous and systematic business activities in Georgia, with multiple retail vendors within Georgia listed online as "dealers" where crossbows are marketed, sold, and otherwise available to customers such as Plaintiffs.

3.

Defendant WAL-MART STORES EAST, LP ("Retailer") operates a multitude of retail locations throughout Georgia and internationally and maintains a regular and established place of business within the Middle District of Georgia.

4.

Defendants transact business in Georgia and derive substantial revenue from goods used in Georgia. Venue and jurisdiction are proper under Georgia law.

5.

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Plaintiffs are citizens and residents of the State of Georgia.

7.

Defendant Killer Instinct, Inc. is a corporation organized under the laws of the State of Delaware, Minnesota and/or Wisconsin, and is therefore a citizen foreign to Georgia for purposes of 28 U.S.C. § 1332(c). Its registered agent may be served at 411 East Wisconsin Avenue, Suite 1710, Milwaukee, Wisconsin, 53202.

8.

Defendant MSCKI, LLC  is a corporation organized under the laws of the State of Minnesota and/or Michigan, and is therefore a citizen foreign to Georgia for purposes of 28 U.S.C. § 1332(c). Its registered agent is Jason Fuller, and may be served at 413 List Street, Frankenmuth, Michigan, 48734 and/or 1905 1st Avenue, Windom, Minnesota, 56101.

9.

Defendant WAL-MART STORES EAST, LP is a corporation organized under the laws of the State of Delaware with its corporate headquarters in Arkansas, and is therefore a citizen foreign to Georgia for purposes of 28 U.S.C. § 1332(c). Defendant WAL-MART STORES EAST,

LP may be served at its store location at which the subject Crossbow was sold.

10.

Defendants JOHN DOES 1-4 are believed to be individuals who are currently unknown and not readily apparent to the Plaintiffs, but are believed to be known by the Defendants and involved with designing, manufacturing, distributing, and/or benefit financially from the underlying product and are therefore potential parties to this action, and may be served once their identities are disclosed or revealed during the discovery process as their involvement arises from the same transaction or occurrence.

11.

Defendants ABC CORPORATIONS 1-5 are believed to be entities who are currently unknown and not readily apparent to the Plaintiffs, but are believed to be known by the Defendants and involved with designing, manufacturing, distributing, and/or benefit financially from the underlying product and are therefore potential parties to this action, and may be served once their identities are disclosed or revealed during the discovery process as their involvement arises from the same transaction or occurrence.

12.

None of the Defendants are citizens of the State of Georgia for purposes of 28 U.S.C. § 1332(c). Accordingly, complete diversity exists between Plaintiffs and all Defendants.

13.

Venue is proper in the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District, and/or Defendants transact business within this District and are subject to personal jurisdiction here.

14.

This Court has personal jurisdiction over Defendants because they purposefully manufacture, market, distribute, and sell products within the State of Georgia, including within the Middle District of Georgia, and the claims asserted herein arise out of Defendants' conduct within this forum such that Defendants should have reasonably expected their acts to have consequences both in Georgia generally and specific to this particular forum.

## FACTUAL ALLEGATIONS

15.

Plaintiff James R. Stanfill lawfully purchased a Killer Instinct Fierce 405 Crossbow, Bone Collector Edition ("Crossbow") from Retailer at its store located at 641 Veterans Parkway, Moultrie, Colquitt County, Georgia.

16.

On or about December 1, 2023, Plaintiff used the Crossbow in a standard and proper manner while positioned in a deer stand. Without warning, and while sitting idly, the Crossbow exploded, snapped, fractured, or otherwise catastrophically failed, violently propelling Plaintiff from the deer stand.

17.

While Plaintiff was spared from falling entirely to the ground by virtue of his wearing a safety harness, and enduring even more grave damages, he still fell several feet after the Crossbow exploded in his lap.

18.

When the harness and fall arrest system prevented Plaintiff's further fall, it caused a violent, snatching jolt to Plaintiff's body, leaving him suspended in the air. In order to safely climb down, Plaintiff was forced to pull himself back onto the deer stand. This sequence caused significant

injuries to Plaintiff, including but not limited to his neck, back, and right shoulder.

19.

Before Plaintiff's purchase, Defendants possessed mounting evidence that the Crossbow they designed, manufactured, marketed, and distributed was failing in the field—violently, unpredictably, and dangerously. This included limb fractures, catastrophic structural failures, string derailments, recoil explosions, and other dangerous malfunctions.

20.

Manufacturer received repeated warranty claims, consumer complaints and reviews, test-failure data, and internal safety reports demonstrating that the Crossbow was defective in design and manufacture.

21.

Retailer received direct customer complaints and reviews, product returns, internal safety alerts, and communications from Manufacturer indicating that the Crossbow had a pattern of dangerous failures. Retailer possessed actual knowledge that customers were being injured and otherwise experiencing dangerous issues with the Crossbow.

22.

Despite this knowledge, Retailer continued selling the Crossbow aggressively, prioritizing profit over human safety. Retailer made a deliberate choice to put this product in the hands of consumers—including Plaintiff—knowing full well that the Crossbow posed a patterned, serious risk of catastrophic failure.

23.

Manufacturer likewise refused to pull the Crossbow from distribution, refused to halt shipments, refused to issue safety alerts, and refused to initiate a recall—even though its own data showed that users were at risk of severe injury or death.

24.

Plaintiff had absolutely no knowledge that the Crossbow was dangerous before December 1, 2023. Plaintiff did not misuse the Crossbow.

## COUNT I – STRICT PRODUCTS LIABILITY

### (Against All Defendants)

25.

The allegations of Paragraphs 1 through 24 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

26.

Defendants, in placing consumer products, namely the subject Crossbow, into the stream of commerce, owe a duty of care to the consuming public, including Plaintiffs, to ensure that the products are designed, manufactured, and marketed in such a manner that they will be safe and will not cause harm when being used for their intended purpose.

27.

Defendants breached the duty of care in placing products such as the subject Crossbow into the stream of commerce that are not designed, manufactured, and marketed in such a manner that they will be safe and will not cause harm when being used for their intended purpose, but are in fact subject to design defects.

28.

Such defectively designed, manufactured, and marketed products include but are not limited to the subject Crossbow as it was defective, unreasonably dangerous, and foreseeably hazardous at the time it left Manufacturer's control.

29.

Defendants placed the Crossbow into the stream of commerce despite clear evidence that it was unsafe, and despite knowing that end-users would rely on its integrity during use.

30.

The Crossbow's catastrophic failure was the direct and proximate result of Defendants' defective design, manufacturing, and marketing, including defective materials, defective assembly, inadequate testing, and reckless indifference to user safety.

## COUNT II – NEGLIGENCE

### (Against All Defendants)

31.

The allegations of Paragraphs 1 through 30 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

32.

Manufacturer and Retailer owed a duty to provide safe products and to protect consumers from known hazards.

33.

Defendants breached these duties by ignoring mounting evidence of failures; refusing to investigate; refusing to pull the product from shelves; refusing to warn consumers; refusing to improve testing; and continuing to push sales despite knowledge of danger.

34.

Defendants' conduct was especially negligent and reckless. Defendants knowingly sold a weapon-type product with a history of violent failures, thereby placing unsuspecting customers at extreme and unnecessary risk.

## COUNT III – FAILURE TO WARN

### (Against All Defendants)

35.

The allegations of Paragraphs 1 through 34 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

36.

Defendants knew that the Crossbow had a substantial likelihood of catastrophic failure yet provided no warnings, instructions, advisories, or safety guidance.

37.

Defendants deliberately withheld known safety information from consumers—including Plaintiff—demonstrating conscious disregard for human life and safety.

## COUNT IV – FAILURE TO RECALL

### (Against All Defendants)

38.

The allegations of Paragraphs 1 through 37 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

39.

Defendants possessed overwhelming evidence that the Crossbow was failing in a dangerous manner. Any reasonable Manufacturer and/or Retailer would have immediately halted sales and issued a recall.

40.

Manufacturer and Retailer had the power, authority, and duty to initiate a recall. They refused.

41.

Defendants' failure to recall the Crossbow was willful, wanton, and undertaken with reckless indifference to the consequences.

## COUNT V – BREACH OF WARRANTIES

### (Against All Defendants)

42.

The allegations of Paragraphs 1 through 41 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

43.

Defendants expressly and implicitly represented that the Crossbow was safe, fit for ordinary use and intended purposes, and free from hidden defects.

44.

These warranties were false. Defendants breached the warranty of fitness for a particular purpose and warranty of merchantability by knowingly selling a dangerously defective product. The dangerously defective product was in such condition when it left Defendants' control and arrived to Plaintiffs without substantial change in the condition.

## COUNT VI- DAMAGES

45.

The allegations of Paragraphs 1 through 44 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

46.

As a result of the injuries caused by the deleterious actions and negligence of Defendants, Plaintiff has suffered past, present, and will in the future suffer mental and physical pain and distress therefrom.

47.

Plaintiff has incurred expenses for treatment of his physical and mental injuries.

48.

Plaintiff's injuries are permanent and continuing in nature.

49.

All damages suffered by Plaintiff are the direct and proximate result of the Defendants' negligent acts and omissions as well as their willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

50.

As a direct and proximate result of Defendants' conduct, Plaintiff has

suffered and will continue to suffer: medical expenses; lost wages;

diminished earning capacity; long-term impairment; severe pain and

suffering; emotional distress; and loss of enjoyment of life.

51.

Defendants' conduct—particularly their knowing decision to continue

selling a product they knew was injuring consumers—constitutes willful,

wanton, and reckless misconduct.

**COUNT VII: LOSS OF CONSORTIUM**

52.

Paragraphs 1-51 of this Complaint are adopted and incorporated

herein by reference.

53.

At all relevant times to this action, James R. Stanfill has been the

spouse of Katrina Stanfill.

54.

As a direct and proximate result of the negligence of the Defendants,

James R. Stanfill suffered severe and potentially permanent bodily injuries

including serious and potentially permanent physical injury and disability,

substantial and continuing pain, suffering, and discomfort, and medical expenses, both past, present, and future.  As a result of these injuries, James R. Stanfill's spouse, Plaintiff Katrina Stanfill, has lost the domestic and conjugal services previously provided by James R. Stanfill and has been deprived of the right to consortium.

55.

As a direct and proximate result of the Defendants' negligence, Plaintiff Katrina Stanfill is entitled to an award of general damages for loss of consortium in an amount to be determined by a Jury of Plaintiffs' peers.

## COUNT VIII- PUNITIVE DAMAGES

### (Against All Defendants)

56.

The allegations of Paragraphs 1 through 55 of Plaintiffs' Complaint are hereby incorporated by reference and made a part hereof as if each such allegation were fully set forth herein.

57.

Defendants' conduct—particularly their knowing decision to continue selling a product they knew was injuring consumers—constitutes willful, wanton, and reckless misconduct.

58.

All damages suffered by Plaintiff are the direct and proximate result of the Defendants' negligent acts and omissions as well as their willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences. As such, Plaintiffs are entitled to punitive damages under O.C.G.A. § 51-12-5.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

a.    That service of process issue in accordance with the law;

b.    That Plaintiffs have a Jury Trial on all issues set forth herein;

c.    That Plaintiffs recover a judgment against the Defendants in the amount of at least $5,000,000.00 for physical and mental medical expenses, physical and mental pain and suffering, punitive damages, and attorney's fees and expenses for having to prosecute this action;

d.    That Plaintiffs be entitled to all costs of this action; and

e.    That Plaintiffs have such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,


THIS 26[h] day of NOVEMBER 2025.

**JODY D. PETERMAN, LLC**

*/s/Jody D. Peterman*
JODY D. PETERMAN
Ga. Bar No.: 573552

*/s/T. Michael Burke, Jr.*
T. MICHAEL BURKE, JR.
Georgia Bar No.: 106106

*/s/Stephen D. Delk*
STEPHEN D. DELK
Georgia Bar No.: 448395

Attorneys for Plaintiff

P.O. Box 6010
Valdosta, GA.  31603-6010
(229) 247-0386
petermanlawoffice@yahoo.com
mburke.petermanlaw@gmail.com
sddelk.petermanlaw@gmail.com