## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| JAMES R. STANFILL AND KATRINA STANFILL, <br><br> Plaintiffs, <br><br> v. <br><br> KILLER INSTINGCT, INC. d/b/a KILLER INSTINCT CROSSBOWS; MSCKI LLC d/b/a KILLER INSTINCT CROSSBOWS; WAL-MART STORES EAST, LP; JOHN DOES 1-4; ABC CORPORATIONS 1-5 <br><br> Defendants. | Case No. 7:25-cv-00180-WLS |

### STIPULATED PRODUCTION PROTOCOL

The Parties agree to the following protocol for the production of discoverable documents originating from hard copy sources and as electronically stored information ("ESI") pursuant to the Federal Rules of Civil Procedure (Fed. R. Civ.) *and subject to the parties' Confidentiality Order* (herein after "Protocol").

### General Provisions

1.      As used herein, "Requesting Party" means the party requesting production of documents. As used herein, "Producing Party" means the party that may be producing documents in response to the request of Requesting Party. As used herein, the words "Party" or "Parties" include the Requesting Party and the Producing Party.

2.      Nothing in this Protocol shall be deemed to prevent any Parties from agreeing to terms different than or inconsistent with the terms of this Protocol.

3.      This Order may be modified by the Court for good cause shown.  When petitioned to do so, the Court will take into consideration the reasonable and proportional discovery needs of the case as well as the of feasibility of either party to comply with obligations set forth herein.

4.      Nothing in this Protocol shall be deemed to constitute a waiver of any objections a Producing Party may have with respect to any document request.

5.      **Search for Relevant ESI**. The Producing Party may select appropriate identification, collection, and search methodologies and may employ analytics tools, and/or other reasonable methods to filter ESI for relevancy prior to review and production including, but not limited to, search terms and technology assisted review. The Producing Party's collection and review of ESI shall include data sources the Producing Party reasonably believes have unique data responsive to the requests within a reasonable date range based on the claims asserted. The Requesting Party may suggest search terms for consideration by the Producing Party. The Producing Party will include any such search terms likely to identify relevant data and that do not create a disproportionate burden.  Producing party shall confer with Requesting Party regarding objections with respect to scope.

6.      **Production Format—ESI**

a.      **TIFF+.** Except as otherwise stated herein, the parties will produce documents originating as ESI, or kept as such in the ordinary course, in TIFF format with extracted text (or searchable PDF if production format dictates), along with the below-listed metadata fields when available. The parties will provide a load file compatible with Concordance and with a Bates

number field included on the load file to match text and metadata with TIFF images (load file may be omitted with a PDF format production). With respect to ESI, data on the load file will include:

(1) Beginning Document Bates Number
(2) Ending Document Bates Number
(3) Beginning Family Bates Number (begins with 1st page of parent)
(4) Ending Family Bates Number
(5) Custodian or Source
(6) All Custodians
(7) Confidentiality Designation
(8) Page Count
(9) Redaction (Y/N)
(10) Document Date (if available)
(11) File Name (subject to privilege review)
(12) File Extension
(13) Document Type
(14) Email From
(15) Email To
(16) Email CC
(17) Email BCC
(18) Email Subject
(19) Email Date Received
(20) Email Time Received
(21) Email Date Sent
(22) Email Time Sent
(23) Timezone (UTC) {consider **local time zone** option for "time" fields}
(24) MD5 Hash Values (or alternatively agreed upon Hash Standard)

b.      **Natives**. The parties will produce in native format those documents and ESI that do not convert well to TIFF images (*e.g.*, Excel, Power Point, oversized drawings, picture files, audio and video files), or will ask the Requesting Party to meet and confer regarding a reasonable alternative form of production. The file name for the documents produced in native format will consist of a Bates number and a confidentiality designation consistent with the Protective Order entered in this case, if available. The parties will provide a corresponding placeholder TIFF image (or PDF if production format dictates) for native files included in a production bearing a sequential BATES number within the family BATES range. Slide shows requiring redaction will be produced as TIFF images with corresponding searchable OCR text (or

in searchable PDF if production format dictates) and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure. For relevant spreadsheets requiring redaction, the Parties shall produce those spreadsheets in native format and limit the volume of spreadsheets needing redaction to a reasonable set." At any time, the Parties may consider whether the information contained in Excel spreadsheet is available and should be produced from a structured data source from which the Excel spreadsheets are generated.

c.    **Bates Numbering.** The Parties shall assign a Bates number to individual pages of TIFF documents (or PDF documents) and a Bates number to each document produced in native format. Bates numbers shall be unique across the entire document production and sequential within a given document.    The parties will use the following Bates numbering convention: WM_STANFILL 000001 [INSERT SAMPLE BATES STAMPS FOR EACH PARTY]

d.    **Production in Black and White.** The parties will produce in black and white. Parties should meet and confer regarding production of color images when such format is reasonably necessary to ascertain content within the applicable data source.

e.    **Attachments.** The parties are not required to produce non-relevant attachments to relevant emails. If an attachment is withheld, either for privilege or non-responsiveness, the Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive" and bearing a sequential BATES number within the family BATES range. Documents that are merely referred to or pointed to by hyperlinks within communications do not fall within the scope of this Paragraph.

7.    **Paper Documents.** The Parties will produce documents originating from paper documents ("Paper Documents") in Group IV single-page TIFF format (black and white, 300 dpi)

with corresponding searchable OCR text (or searchable PDF if production format dictates), along with the below-listed fielded data when available. The Parties will provide a load file compatible with Concordance and with a Bates number field included in the load file to match text and fielded data with TIFF images (load file may be omitted with a PDF format production). With respect to Paper Documents, data on the load file will include:

(1)  Beginning Document
(2)  Bates Number
(3)  Ending Document Bates Number
(4)  Beginning Family Bates Number (begins with 1st page of parent)
(5)  Ending Family Bates Number
(6)  Custodian or Source
(7)  Confidentiality Designation
(8)  Page Count
(9)  Redaction (Y/N)
(10)  Text File Path, including filename and extension (.txt)

8.      **Redactions**. Except as provided in Paragraph 5(b) of this Protocol, the Parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people, within data sources that contain relevant information. The parties will produce redacted documents in TIFF format with corresponding searchable OCR text (or in searchable PDF if production format dictates). For file types produced with redactions in native format, the associated metadata shall be similarly protected from disclosure.

9.      **Privilege.** The Producing Party shall produce a categorized privilege log of documents withheld from production and identify the basis for the claim of privilege within a reasonable period after the conclusion of all document productions consistent with the Federal

Rules of Civil Procedure. Inadvertent failure to log privileged documents or metadata will not result in the waiver of privilege.

10. **Deduplication**. The Parties will perform global de-duplication of ESI (at the family level where applicable) according to MD5 or SHA-1 hash values. All relevant custodians of a de-duplicated document must be identified in the "Duplicate Custodians" metadata field specified in Paragraph 5a. In the case of rolling productions, an overlay data file shall be produced along with each volume to account for updated duplicate custodian information in the Custodian field.

11. **Parent-Child Relationships**. Except as otherwise allowed herein, the Parties shall preserve parent-child relationships (the association between an attachment and its parent document) where possible. The Parties will provide a Beginning Family Bates Number and Ending Family Bates Number for each produced attachment in the data load file. Documents referred to within communications by hyperlinks to documents on a system within a Producing Party's custody, possession, or control (e.g., such as an internal document management system, Google Drive, Google Docs, SharePoint, Office365, or similar document hosting and collaboration service) are not considered attachments, nor are they within the same family group as the document residing at the location to which that hyperlink points. However, the Parties agree to take reasonable and proportional steps to investigate such non-email sources for potential collection. The parties agree to meet and confer regarding a proportional volume of communications containing hyperlinks where the corresponding hyperlinked documents cannot be located in the production by the Receiving Party. The Producing Party will then use reasonable and proportional efforts to locate a linked document and either identify it by production number or provide it if not already produced and not privileged.

12.    **Rolling Productions.** The Parties understand that this Protocol contemplates the possibility of rolling productions. The Parties acknowledge that nothing in this Protocol waives, restricts or eliminates the Parties' "claw-back" rights and obligations pursuant to the *Confidentiality Order* in this case.

13.    **Use of Produced ESI and Paper Documents.** When data produced in accordance with this Protocol is used in any proceeding herein including depositions, hearings, or trial, the image copy of documents (pursuant to Paragraph 5a) shall be the copy used unless the image copy is so illegible or unwieldy to make it impractical to use as a deposition exhibit, in which case the native version may be used. If the native version is used as an exhibit, the record of the deposition must identify the exhibit using its BATES number, and the BATES number shall also be written on any paper or electronic copy of the exhibit. The confidentiality designation of the document shall also be stated on the record of the deposition and shall be written on any paper or electronic copy of the exhibit. Extracted text files shall not be used in any proceeding as a substitute for the image of any document. This Paragraph does not apply to any summary exhibits or demonstratives.

14.    Each Party will bear the costs to process and review its own documents according to this Protocol. Notwithstanding this Paragraph, nothing in this Protocol limits or prohibits a prevailing party from seeking recovery of all allowable fees and costs, including attorney fees and costs, as may be permitted under applicable law and as provided by Local Rule 54.1 (Costs) and Local Rule 54.2 (Attorneys' Fees).

15.    Nothing in this Protocol shall be construed to affect, modify or amend the Parties' *Confidentiality Order* filed with the Court.

16.    Nothing in this Protocol shall be construed to affect the discoverability or admissibility of any ESI or paper documents. All objections to the discoverability or admissibility

of any ESI or paper documents are preserved and may be asserted at any time in accordance with the applicable Middle District of Georgia discovery rules.

17.    **Production of Databases and Other Structured Data.**

a.    Generally, relevant ESI stored in databases should be produced in a mutually agreeable format.

b.    The Parties will meet and confer to address the production and production format of any responsive data contained in a database or other structured data source. If ESI in commercial or proprietary database format can be produced in an already existing and reasonably available report form, the Parties will produce the information in such a report form, in the reasonably usable TIFF-image format. If an existing report form is not reasonably available, the Parties will meet and confer to attempt to identify a mutually agreeable report form (PDF, Excel, csv).

c.    Nothing herein shall obligate a Producing Party to custom reporting. Where applicable, the Parties shall meet and confer to discuss the associated cost and proportionality of any custom reporting.

18.    **Other Data Sources**. The Parties share a desire to ensure that ESI is produced in a functional search and review format. The Parties recognize that certain ESI may not be amenable to the proposed technical specifications. In such circumstances, Parties will meet and confer to regarding the appropriate form of production.

19.    **Non-Waiver Order & Clawback Provision**.

a.    The production of privileged or work-product protected ESI, paper documents, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

b.      This ESI Protocol shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.  The provisions of Rule 502(b) do not apply.

c.      Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of ESI, paper documents, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

d.      If the Requesting Party has reason to believe that produced ESI, paper documents, or other information may be reasonably subject to a claim of privilege, then the Requesting Party shall immediately sequester the ESI, paper documents, or other information; cease using the ESI, paper documents, or other information; and cease using any work product containing the information from the ESI, paper documents, or other information; and shall inform the Producing Party of the beginning BATES number of the ESI, paper documents, or other information or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

e.      A Producing Party must give written notice to any Requesting Party asserting a claim of privilege, work-product protection, or other ground for reclaiming ESI, paper documents, or other information (a "clawback request"). Once a clawback request is received, the Requesting Party shall immediately sequester the ESI, paper documents, or other information (if not already sequestered) and shall not review or use that document, or any work product containing

information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _5/05/2026_

_W. Louis Sands_

THE HONORABLE W. LOUIS SANDS

**APPROVED FOR ENTRY:**

Teresa Elizabeth Lazzaroni
Attorney Name

/s/ Teresa Elizabeth Lazzaroni
Attorney Signature

Dian Festin LaRoss
Attorney Name

/s/ Diane Festin LaRoss
Attorney Signature

William Burgess
Attorney Name

/s/ William Burgess
Attorney Signature

Jody D. Peterman
Attorney Name

/s/ Jody D. Peterman
Attorney Signature